*250 The opinion of the Court, (Tilghman, C. J. being absent,) was delivered by,
Gibson, J.
By the bill of exceptions it appears, the only objection to the competency of the assessment was, that it did not appear by sufficient evidence, that the assessor had been sworn. I am not going to wade through the learning of the competency of acts of an officer defacto, as the cause does not require'it, and as all the cases will necessarily have to be examined in a cause of much more importance, now under advisement; but I will-take occasion to say here, that 1 have not the least doubt, that as respects third persons, the acts of an, assessor would be valid if he were in fact, never sworn. That, however, is not this case. The oath of the officer was produced, and it was objected to because it was dated of the year 1899; which on the face of the paper was evidently a mistake: but the magistrate before whom the oath was made, and who reduced it to writing, was called, and proved that the year 1799 was meant, and that the variance from the true date was purely accidental. After this, I am at a loss to" conjecture why the assessment was rejected. That the mistake in the oath filed in the office, might be corrected by parol evidence is as well established as any other principle of evidence. In the Commonwealth v. Blaine, 4 Binn. 186, the court went still further, for they suffered an impossible date, which arose from mistake in the registry of a slave, to be supplied by parol evidence against the slave on a claim of freedom, grounded on the want of a valid registry; although it was plain the slave would not receive the benefit intended to be secured to him at the expiration of his servitude, but would then have to make out the period of his birth by parol evidence, just as if there had been no provision to make it a matter of record. And, however questionable the propriety of the application of the principle to that case may seem, (I speak in this only for myself,) there cannot be the shadow of a doubt with respect to,the existence of the principle itself. The evidence of the oath of the assessor, taken with the explanation of the magistrate before whom it was made, was complete, and sufficient to authorize the introduction of the assessment, even granting, for the sake of the argument, that it were necessary to show, that the assessor had been sworn. The judgment is, therefore, reversed, and a venire de novo awarded.
Judgment reversed and a venire facias de novo awarded.